IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NATASHA Y. ROSE**                                                                                        **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 1:22CV-61-SA-DAS**

**TOWN OF MABEN, et al.**                                                                      **DEFENDANT**

## **ORDER**

The defendants in this case have been derelict in responding to plaintiff's attempts to obtain discovery from the outset of this action. Both the efforts by the plaintiff's counsel and the court -- through multiple informal conferences -- to resolve discovery disputes should have resulted in quick compliance. However, all the informal efforts to obtain compliance from these defendants have proved unavailing.

After a multi-hour hearing on the motions to compel, the court made explicit exactly what information and documents the defendants were to provide to the plaintiff, including explicit search instructions. This discovery was to be completed by the discovery deadline. It now appears that, notwithstanding the court's order, the defendants have again failed to provide necessary discovery. The discovery deadline and the deadline for compliance have expired, and the defendants have not requested an extension of time to comply with the court's order.

Nevertheless, the court elects to extend the discovery and motion deadlines in a final, last-ditch effort to obtain the defendants' compliance with their discovery obligations. The court, therefore, extends the discovery deadline to June 5, 2024, and extends the deadline for

dispositive motions to June 19, 2024. ***The time for compliance with the order on the motion to compel is extended to June 5, 2024.***

Defendants and their counsel are hereby warned that if there should be *any* failure to *completely* comply with the court's order of May 15, 2024, the court will not only impose sanctions of attorney's fees but will be compelled to consider defense/evidence preclusive sanctions. Other potentially case dispositive sanctions, including striking pleadings and entry of a default judgment, may be considered.

**SO ORDERED** this the 22nd day of May, 2024.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**

`