UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NATASHA Y. ROSE                                                                        PLAINTIFF

V.                                                        CIVIL ACTION NO.1:22-CV-61-SA-DAS

TOWN OF MABEN                                                  DEFENDANTS

## ORDER IMPOSING MONETARY SANCTIONS

The plaintiff in this action is suing her former employer the Town of Maben, Mississippi, the mayor, and several members of the town's Board of Aldermen. On February 26, 2024, the plaintiff filed a lengthy motion to compel discovery from the defendants and for sanctions, addressing multiple disputes between the parties, including the argument that none of the defendants had provided any initial disclosures and the individual defendants had not responded to discovery at all. The defendants responded and supplemented their discovery. The plaintiff replied on March 19, 2024, still unsatisfied with the responses and adding arguments related to the supplemental responses. The court held an informal conference April 4, 2024 but could not resolve the numerous disputes on the telephone, and the matter was set for a hearing on the motion to compel. The court held that hearing on May 9, 2024, in Oxford, Mississippi.

On May 15, 2024, the court issued a lengthy order, granting the motion in part and denying it in part. The court found the defendants had waived all objections by failing to assert them in a timely manner. The court also ordered the defendants to provide discovery no later than May 20, but they did not do so. On May 21, 2024, the plaintiff filed the present motion for sanctions, requesting the court enter a default judgment or other substantive sanctions that may

1

preclude certain defenses or introduction of evidence, arguing, among other things, that the defendants did not fully comply with the order compelling discovery. Thereafter the court, *sua sponte*, extended the discovery deadline and the time for defense compliance with the court order to June 5, 2024, and the motions deadline to June 19, 2024. Again, the defendants did not respond by the deadline.

Consequently, on June 20, 2024, the court entered an interim order on the motion for sanctions. This order required the plaintiff to submit an affidavit and supporting documentation for attorney's fees and expenses incurred in connection with the motion to compel not later than July 11, 2024. Noting the defendants had not responded to the motion for sanctions and the time to respond had expired, the court nevertheless ordered the defendants to file a response to the request for substantive, non-monetary sanctions; however, it allowed the defendants to object to the fee request "*only as to the reasonableness of the requested amount of fees.*"

On July 11, 2024, plaintiff's counsel submitted his affidavit and exhibits setting out his claimed fees along with a supporting memorandum. The expenses claimed include $ 160.00 per hour for paralegal time of 30 minutes, reduced from an hour and 36 minutes of actual time to a half hour. The total paralegal bill is $ 80.00. Expenses for the work of a recent law school graduate/ law fellow, is billed at $ 115.00 per hour for 17.3 hours, reduced from 38 hours and 42 minutes of actual time. The total bill for the law fellow is $ 1,989.50. Plaintiff's counsel seeks his current hourly fee, that has been accepted by clients in non-contingent matters, at $ 440.00 per hour. Plaintiff's counsel has billed for 34.67 hours, reduced from 41.57 hours, actually spent on the discovery dispute. The request for counsel's fee is $ 15,254.80, bringing the total fees requested, as a sanction, to $ 17,324.30.

In response to the order, the defendants contend the town cannot afford much staff and that the obvious impact on this town of an award of expenses makes doing so unjust under the circumstances. However, the question as to the merits of an award of attorney fees and expenses has already been adjudicated. Because the defendants were late responding as they had been numerous times in this litigation, the court felt it was necessary to make very clear that their response as to the attorney's fees and expenses was to respond only to the reasonableness of those fees and expenses. Inexplicably, the defendants did not respond to the reasonableness at all. The court, therefore, considers the reasonableness of the total requested monetary sanctions as confessed.

**IT IS, THEREFORE, ORDERED** that the plaintiff is awarded sanctions in the total amount of $ 17,324.30, for the attorney and other fees incurred because of the discovery disputes. This sanction shall be paid by the defendants and their counsel who are jointly and severally liable for the same. This sanction shall be paid not later than August 30, 2024.

**SO ORDERED** this the 24th day of July, 2024.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**